BOSTON & M. R. CO. v. MILLER.

(Circuit Court of Appeals, Second Circuit. March 10, 1913.)

No. 196.

1. CARRIERS (§ 315*)—DEATH OF PASSENGER—PROXIMATE CAUSE.

Where defendant railroad company contracted to carry intestate to D., its failure to stop there in violation of its contract could not be held the proximate cause of decedent's death by being thrown from the car as the train passed D.; and hence it was essential, to sustain a recovery, that plaintiff's administrator prove an allegation of the declaration that decedent went on the platform as the train was slackening speed, and was thrown therefrom by the sudden jerking of the train as it proceeded forward when the brakes were released.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. § 315.*]

2. CARRIERS (§ 321*)—DEATH OF PASSENGER—TRIAL—INSTRUCTIONS.

Where, in an action for the death of a passenger by his being thrown from the platform by an alleged sudden jerk of the train, which failed to stop at his destination, after he had gone to the platform prepared to alight, defendant was entitled to the requested charge that, to entitle plaintiff to recover, the jury must be satisfied by the fair balance of the evidence that his intestate's injury was occasioned, as alleged in the declaration, by his being violently thrown from the car on which he was standing; and there being no concession that there was such a sudden jerk, the court erred in refusing the request on the ground that defendant practically concedes that, unless decedent was guilty of contributory negligence, defendant is liable, because it did not operate the train as it was bound to do under the decedent's transportation contract.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. Appeal and Error (§ 274*)—Presentation of Error to Trial Court.**

Defendant's request being inconsistent with the alleged concession stated by the court, defendant's exception to the refusal of the request was sufficient to entitle it to a reversal for the error in refusal of the request, without further calling the court's attention to its misstatement of plaintiff's position.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605, 1606, 1607, 1624, 1631–1645; Dec. Dig. § 274.*]

In Error to the District Court of the United States for the District of Vermont; James L. Martin, Judge.

Action by Adin F. Miller, as administrator, etc., of J. Arms Miller, deceased, for wrongful death, against the Boston & Maine Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

John G. Sargent, of Ludlow, Vt., and Wm. B. C. Stickney, of Rutland, Vt., for plaintiff in error.

Clarke C. Fitts, Hermon E. Eddy, and Harold E. Whitney, all of Brattleboro, Vt., for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. [1] It was the duty of the defendant under its contract with the plaintiff's intestate to stop its train at Dummerston station. The defendant failed in the performance of this duty and became responsible for all damages occasioned thereby, as for example, delay and expense. But that the deceased would be thrown from the train was not the natural and probable consequence of the failure to stop. Such failure in itself was not the proximate cause of the accident. Something more was necessary. This was recognized by the plaintiff in framing his declaration. Each count alleges the breach of contractual obligation and then goes on to charge in slightly varying language that the defendant slowed its train as if to stop at the station and then suddenly and violently started it up and so threw the plaintiff's intestate from the platform and killed him. The defense pleaded was a general denial.

It appears from the record that upon the trial evidence was offered by the plaintiff in support of his allegations to the effect that the train did slacken its speed at Dummerston station and then after the deceased had gone upon the platform, started with a jerking motion. So it appears, on the other hand, that the defendant "claimed and the defendant's evidence, tended to show that there was no irregular motion or sudden jerk of the train after the brakes were released at Dummerston."

Thus upon the pleadings and the evidence the question was presented for the jury whether the defendant, in addition to breaking its contract with the plaintiff's intestate, so negligently operated its train as to lead him into a place of danger and then throw him off.

[2] The defendant requested the court to charge the jury as follows:

"That to entitle the plaintiff to recover the jury must be satisfied by a fair balance of evidence that the plaintiff's intestate's injury was occasioned as

alleged in the declaration by reason of the plaintiff's intestate being violently thrown from the car upon which he was standing."

This request was a proper one. ⸜The plaintiff *was* bound to establish the averments of his declaration that his intestate was injured by being thrown from the train. The trial judge apparently recognized that the request was proper but said:

"The reason why I don't comply with that request is that the defendant practically concedes that unless the deceased was guilty of contributory negligence, the defendant company is liable because they did not operate that train as they were in duty bound to do under the contract."

The defendant excepted to this refusal "and to the charge as given relating to the subject-matter of said requests."

Deciding this case upon the record—as we must—we are constrained to hold that the trial judge erred in his refusal to charge as requested. No concession appears anywhere that the defendant was negligent as charged in the declaration. The only concession shown is that the defendant did not dispute that it failed to stop the train at Dummerston according to its contract. But, as already pointed out, it also claimed that there was no sudden jerk of the train. In other words we can find nothing in the record to show that the defendant intended to abandon one of the theories upon which it had apparently defended the case, viz.: that while it had broken its contract with the deceased, such breach did not cause the injury, and to rely altogether upon the defense of contributory negligence.

[3] The remaining inquiry is whether this error calls for a reversal of the judgment. We agree with the defendant in error that, as a general rule, where a judge makes a statement in his charge as to concessions made by the parties upon the trial, any party who claims that his position has been misstated, should immediately call the matter to the attention of the judge so that a correction can be made. Thus in the present case if the request in question had not been made, we might not regard as showing reversible error the statement in the first part of the charge which apparently went unchallenged, that the defendant had practically conceded its negligence. But the request made was entirely inconsistent with the concession stated by the judge in denying it and the defendant thereupon excepted not only to the denial but to that which was said in making it. It would undoubtedly have been better if the defendant had then specifically pointed out that the court misunderstood its position but in view of the request and the character of the exception, we cannot say that it was obliged to do more to protect its rights. And that the error was prejudicial is obvious because it permitted a verdict against the defendant without proof that its negligence caused the accident.

This error alone makes a reversal necessary and we are not required to examine at length the other assignments. But as a new trial will follow, it is proper to say that we have carefully examined the record and are of the opinion that the evidence presented was sufficient to warrant the submission of the questions of negligence and contributory negligence to the jury.

The judgment of the District Court is reversed.